UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Christine Pocha,<br><br>    Plaintiff,<br>v.<br><br>Robert McDonald,<br>Secretary of the United States<br>Department of Veterans Affairs<br><br>    Defendant. | **PETITION FOR REVIEW** |

Plaintiff, Dr. Christine Pocha (Pocha) petitions this court for review of the final order of the Department of Veterans Affairs (VA), dated January 9, 2015 for her discharge from her position as a Gastroenterologist at the VA Medical Center in Minneapolis Minnesota pursuant to 38 USCA 7462(f) and Administrative Procedure Act sections 701-706.

## NATURE OF THE ACTION

1. Dr. Pocha claims that the VA's actions are arbitrary and capricious, unsupported by substantial evidence, without due process of the law, and not in accordance with the law or regulations.

2. Dr. Pocha seeks declaratory and injunctive relief, reinstatement, back pay with interest, attorney's fee and costs, and cleansing of the records. In support of her claim, Dr. Pocha will show the following, to wit:

1

## PARTIES

3. Dr. Pocha, a former employee of the VA resides at 5505 Ridge Park Road, Edina, MN 55436.

4. Defendant "United States of America by United States General Attorney, Mr Eric H. Holder has his office, at 950 Pennsylvania, NW, Washington, D.C. 20530. Defendant, the Secretary of the Department of Veteran's Affairs has his office at 810 Vermont Ave., NW, Washington, D.C. 20420.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331.

6. This Court also has jurisdiction to review final orders of the VA pursuant to 38 USCA 7462(f)(1); The Administrative Procedure Act, Sections 701-706 and The Back Pay Act 5 USCA 5596.

7. The Minnesota District is the proper venue for this action pursuant to 28 U.S.C. §1391 (b) (1) and (b) (2) because this is the District and Division in which Dr. Pocha resides and worked and in which all of the events or omissions giving rise to the claims occurred.

**FACTUAL ALLEGATIONS**

8. Dr. Pocha was employed by the VA as a physician at the Minneapolis VA Medical Center from 2008 until May 22, 2014 when she was discharged from her position and her privileges were revoked for failure to meet acceptable standards in documentation, colonoscopy competence and quality of care.

9. From 2008 until 2012, Dr. Pocha was rated "high satisfactory" and "outstanding" by her supervisor Dr. William Duane in her performance review and clinical competence.

10. In October 2012, Dr. Aasma Shaukat became Dr. Pocha's supervisor. On June 14, 2013, Dr. Shaukat requested that Dr. Pocha be subjected to a Focused Professional Practice Evaluation (FPPE). Dr. Shaukat did not indicate in her request how Dr. Pocha's performance may have triggered an FPPE.

11. On October 4, 2013, the Service Line Director, Dr. Kristin Nichols approved Dr. Shaukat's request and informed Dr. Pocha that she was being place on FPPE because "issues have been identified regarding your ability to provide safe, high quality patient care."

12. The criteria for the FPPE process were not "defined in advance, using objective criteria accepted by the practitioner, recommended by the Service Chief and Executive Committee of the Medical Staff [ECOMS] as part of the privileging process and approved by the director."

13. During the three months of FPPE, Dr. Pocha's documentation, quality of care and colonoscopy competency were reviewed by Dr Shaukat in person and Dr. Mohammed Wehbi from the Atlanta VA Medical Center through medical record review and digitized recording of 6 colonoscopy exam. Dr. Wehbi was recommended by Dr. Shaukat and approved by the Chief of Staff Dr. Kent Crossley.

14. Dr. Pocha's request and suggestions for a neutral reviewer were denied by the VA.

15. On January 9, 2014 Dr. Crossley petitioned facility director Patrick Kelly to issue a summary suspension of Dr. Pocha based on the FPPE. Mr. Kelly approved the request and Dr. Pocha was informed that it was being proposed that she be summarily suspended based on two cases identified in the FPPE review. Case KD9713 for planning to take surveillance biopsies of a patient with active and extensive colitis and Case DS7254 for misidentifying a vascular malformation as a polyp. In none of the cases imminent harm was present or any harm occurred.

16. Dr. Pocha responded to the proposed suspension by submission dated January 24, 2014 and included in her submission reviews of cases KD9713 and DS7254 by other gastroenterology experts..

17. No comprehensive review of the reasons for the summary suspension was undertaken by the VA as required by § 7B5(a) of the Minneapolis VA Health

4

Care System Medical Staff Bylaws and the regulations in VA Handbook 1100.19 at p.51.

18. Dr. Pocha was suspended and informed by Mr. Kelly on February 6, 2014 that proceedings were underway to determine if adverse action should be taken against her medical staff privileges.

19. On January 30, 2014, Dr. Crossley informed the ECMS that they will convene on February 4, 2014 to consider if adverse action be taken against Dr. Pocha's privileges.

20. The ECMS met on February 4, 2014. There was no gastroenterologist present at the ECMS meeting as required by the By-laws and VA regulations. A gastroenterologist would have been the appropriate peer defined as "an individual of similar education, training, licensure and clinical privilege" by the VA Medical Staff Bylaws.

21. Following presentations by Dr. Shaukat and Dr. Nichol to the ECMS and discussions, the ECMS voted to recommend revocation of all of Dr. Pocha's gastroenterology privileges, her core medicine privileges and paracentesis privileges.

22. Based on the ECMS recommendation, on March 12, 2014, Dr. Pocha was issued a proposed removal of her clinical privileges and removal from the federal service.

23. Dr. Pocha was charged with failure to meet acceptable standards in the areas of documentation, colonoscopy competence and quality of care.

24. On April 28, 2014, Dr. Pocha responded to the proposed removal and revocation. She provided unpaid written outside expert review of all the cases cited in the FPPE. Not a single case was found to be substandard care by the outside expert review.

25. On May 21, 2014, Dr. Pocha was notified that her privileges had been revoked and she was removed from the federal service effective May 22, 2014.

26. On June 11, 2014 Dr. Pocha appealed to the Disciplinary Appeals Board and on September 17-19, 2014 a hearing was conducted.

27. Following the hearing, the Board ruled that the preponderance of evidence did not sustain the charge of failing to meet acceptable standards of documentation, general medical and non-endoscopic gastroenterology care but sustained the charge of failing to meet acceptable standards in colonoscopy competence.

28. On January 9, 2015, the Acting Principal Deputy Under Secretary for Health at the VA approved the Boards decision.

## CLAIMS OF ERROR

29. In reaching its decision on the colonoscopy charge, the board did not consider the expert testimonies offered by Dr. Pocha from gastroenterologists Dr. Anna Sasaki, Dr. Paolo Ricci, Dr. Robert Gill, Dr. Samuel Ho and Dr. George Logan who had reviewed and commented on documents and DVD recordings on the basis that these experts did not witness Dr. Pocha perform a complete

colonoscopy. Dr. John Bond, former chief of gastroenterology at the Minneapolis VA until 2008 and nationally known expert in the field of colonoscopy provided written testimony and watched the DVDs however was unable to be called for oral testimony because of the time limitations given by the board to the appellant`s witnesses.

30. The Board initially accepted the expert testimony of Dr. Peter Meier, a gastroenterologist who was formerly employed by the Minneapolis VA for over 30 years until August 2013 and observed Dr. Pocha in the performance of colonoscopies and also observed the DVDs of recordings of her colonoscopies. The Board then discarded his testimony as not credible because Dr. Meier indicated that he was the subject of an investigation at the VA in 2010; he received an admonishment in 2013 and chose to retire, and during his following time working as a fee basis contractor he was instructed by Dr. Shaukat to stop negotiating with the operating room.

31. The Board reasoned that Dr. Meier's candid testimony of his experiences with Dr. Shaukat during his time at the Minneapolis VA showed that "he was more aggravated by her administrative decisions, and that his disapproval of her administrative decisions extended into the credibility of his testimony."

32. The Board also reasoned that Dr. Meier's testimony about the Minneapolis VA bylaws amendment process in which he was involved with regional counsel Pamela Saunders "affirmed his anger towards the Minneapolis VA and in particular to Agency's Counsel, Ms. Saunders.

33. The Board further reasoned that Dr. Meier's testimony that he did not find it inappropriate to talk to Dr. Ewing about Dr. Pocha's situation while Dr. Ewing was waiting to undergo at another hospital also eroded his impartiality.

34. The Board's refusal to consider the testimonies of expert gastroenterologists Dr. Anna Sasaki, Dr. Paolo Ricci, Dr. Robert Gill, Dr. Samuel Ho and Dr. George Logan and the Under Secretary's approval of the decision constitutes an abuse of discretion and is arbitrary and capricious.

35. Going by the Board's reasoning that the other gastroenterologists had not observed Dr. Pocha perform colonoscopy and discarding Dr. Meier's testimony on his observation of Dr. Pocha's colonoscopy on matters that do not relate to colonoscopy competence is arbitrary and capricious.

36. Dr. Wehbi did not observe Dr. Pocha perform any colonoscopy. Like Dr. Pocha's experts, Dr. Anna Sasaki, Dr. Paolo Ricci, Dr. Robert Gill, Dr. Samuel Ho and Dr. George Logan, he reviewed a few DVD recordings of Dr. Pocha's colonoscopies. However the Board credited his testimony and concluded that "the opinions of Dr. Shaukat and Dr. Wehbi are an accurate reflection of the failure of Dr. Pocha to exhibit adequate colonoscopy technique and judgment that would allow her to perform independent colonoscopies." This action of the Board and is approval by the Under Secretary is arbitrary, capricious and an abuse of discretion.

37. When presented with contradictions between Dr. Pocha and Dr. Shaukat's testimonies, the Board chose to go with the testimony of Dr. Shaukat rather

than use corroborating evidence in the record. For example Dr. Pocha contended that she was not afforded her due process rights when Dr. Shaukat did not talk to her about the concerns that she had with her colonoscopy competence before placing her on FPPE. Dr. Shaukat's response that she did talk to Dr. Pocha in her office contradicted Dr. Pocha's testimony that they never talked about her concerns before the FPPE. The Board concluded that "it is most likely that Dr. Shaukat did have a discussion with Dr. Pocha regarding her concerns about Appellant's colonoscopy performance prior to the initiation of the FPPE." This cherry picking of the evidence by the Board and its approval by the Under Secretary is arbitrary and capricious and an abuse of discretion.

38. Dr. Shaukat initiated the review of Dr. Pocha's colonoscopy competence as her supervisor though she later claimed she did not ask for it. After Dr. Pocha was placed on FPPE, Dr. Pocha asked numerous times and recommended names of other gastroenterologists to review her competence but the VA denied her request insisting that Dr. Shaukat was the most experienced. However, Dr Shaukat had tremendous experience as a researcher and teacher but is very junior with regards to clinical experience. Given her academic position she was assigned much less clinical duties and performed significant less procedures during her time at the VA since 2007 compared to other staff members including Dr. Pocha.

39. When a second reviewer was considered, the VA did not ask Dr. Pocha for suggestions. Dr. Shaukat was the one who recommended Dr. Wehbi an old acquaintance of hers. Despite Dr. Pocha's insistence that Dr. Shaukat as her supervisor cannot be a fair reviewer, the VA persisted on its course. The Board's failure to reverse and the Under Secretary's approval of the VA in the light of the impartiality of Dr. Shaukat and violations of Dr. Pocha's due process rights and VA rules and regulations is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with the law.

40. The Under Secretary's failure to reverse the Board's decision on the failure to do a comprehensive review of the reasons for the summary suspension as required by § 7B5(a) of the Minneapolis VA Health Care System Medical Staff Bylaws and the regulations in VA Handbook 1100.19 at p.51 is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law in light of the VA's continued disregard for Dr. Pocha's rights to procedural due process under the United States Constitution and VA rules and regulations and the by-laws.

41. The Under Secretary's failure to reverse the Board's decision on the make-up of the ECMS and the absence of a peer of Dr. Pocha's was erroneous in light of the fact of the VA's continued disregard for Dr. Pocha's rights to procedural due process under the United States Constitution and VA rules and regulations and the by-laws.

**WHEREFORE**, Plaintiff Dr. Christine Pocha prays this Court for the following relief:

1. Set aside the revocation of her privileges based on not meeting acceptable standards for colonoscopy competence by the Minneapolis VA;

2. Set aside her discharge from the Minneapolis VA;

3. Award her back pay in accordance with The Back Pay Act;

4. Order the Minneapolis VA and the Department of Veterans Affairs to expunge Dr. Pocha's records relating to this matter;

5. Order the Minneapolis VA to comply with applicable law and specifically the substantive provisions of 38 U.S.C.A. § 7462 and the due process rights afforded to Dr. Pocha under Title 5 of the United States Code; and

6. Award her attorney fees, costs and further relief as this Court deems appropriate.

Dated: February 9, 2015.

                    FONDUNGALLAH & KIGHAM, LLC

                    s/Michael Fondungallah
                    Michael A Fondungallah, # 0310748
                    Attorneys for Plaintiff

2499 Rice Street, Suite 145
Saint Paul, MN 55113
Tel: (651) 482-0520
Fax: (651) 482-0530

Attorneys for Plaintiff